UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JAMES HABER,

          Petitioner,

          v.

UNITED STATES OF AMERICA and
SIGNATURE BANK,

          Respondents.

14 Civ. 8325 (LTS) (KNF)

# UNITED STATES' MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION

PREET BHARARA
United States Attorney for the
Southern District of New York
86 Chambers Street
New York, New York 10007
Tel. No.: (212) 637-2748
Fax No.: (212) 637-2686

DOMINIKA TARCZYNSKA
Assistant United States Attorney
   -   Of Counsel -

**TABLE OF CONTENTS**

PRELIMINARY STATEMENT ........................................................................................... 1
BACKGROUND ................................................................................................................... 1
LEGAL STANDARDS ......................................................................................................... 4
ARGUMENT ......................................................................................................................... 6
    I.   The Court Lacks Jurisdiction Over the Petition to Quash Summons Because Petitioner Was Not Entitled to Notice of the Summons. ......................................................6
    II.  Petitioner Lacks Standing to Challenge the Summons on Behalf of His Wife ................ 11
    III. The Court Would Also Lack Jurisdiction Over a Claim Brought By Petitioner's Wife Because The Summons Was Issued In Aid of Collection of Petitioner's Tax Liability....11
CONCLUSION .................................................................................................................... 14

## TABLE OF AUTHORITIES

**CASES**                                                                                                                                                       Page:

*Adeleke v. United States*,
    355 F.3d 144 (2d Cir. 2004) .......................................................................................... 4

*Arizonans for Official English v. Arizona*,
    520 U.S. 43 (1997) ....................................................................................................... 11

*Atlantic Avenue D.B. Financial/Legal Support Grp. v. United States,*
    2009 WL 2810449 (S.D. Fl. June 30, 2009) .................................................................... 9

*Bank of Newport Summons v. IRS*,
    2008 WL 4376865 (D.R.I. Sept. 25, 2008) ...................................................................... 7

*Barmes v. United States*,
    199 F.3d 386 (7th Cir. 1999) ............................................................................. 6, 7, 13

*Casino v. Feilding*,
    2013 WL 5970694 (E.D.N.Y. Nov. 8, 2013) ................................................................. 11

*Davidson v. United States*,
    149 F.3d 1190, 1998 WL 339541, ............................................................................. 6, 12

*Isaacs v. United States*,
    2013 WL 4067597 (N.D. Cal. Aug. 11, 2013) ................................................................ 6

*Federal Deposit Insurance Corp. v. Meyer*,
    510 U.S. 471 (1994) ......................................................................................................... 5

*Fidelity International Currency Advisor A Fund, LLC, by Tax Matters Partner v.
    United States*,
    747 F. Supp. 2d 49 (D. Mass. 2010), *aff'd,* 661 F.3d 667 (1st Cir. 2011) ...................... 2

*Ginsburg v. United States*,
    2002 WL 31367262 (D. Conn. Sept. 25, 2002) ....................................................... 12, 13

*Hollingsworth v. Perry*,
    133 S. Ct. 2652 (2013) .................................................................................................. 11

*Holland v. United States*,
    2005 WL 2176111 (N.D. Okla. Aug. 8, 2005) ............................................................. 7

*Humboldt Shelby Holding Corp. v. C.I.R.*,
    107 T.C.M. (CCH) 1242 (T.C. 2014) ........................................................................ 1

*Ip v. United States*,
    205 F.3d 1168 (9th Cir. 2000) ............................................................................. 6, 14

*Jackson v. Sec. of U.S. Treasury*,
    141 F. App'x 8, 10 (2d Cir. 2005) ........................................................................... 12

*Jordan v. United States*,
    1997 WL 148560 (W.D. Va. Mar. 20, 1997) .......................................................... 13

*Juncewicz v. Patton*,
    2002 WL 31654957 (W.D.N.Y. Oct. 8, 2002) ........................................................ 12

*Knudsen v. United States,*
    2014 WL 4273308 (E.D.N.Y. Aug. 27, 2014) .......................................................... 6

*Lujan v. Defenders of Wildlife*,
    504 U.S. 555 (1992) ................................................................................................ 11

*Makarova v. United States*,
    201 F.3d 110 (2d Cir. 2000) ..................................................................................... 5

*Markell Co. v. C.I.R.*,
    107 T.C.M. (CCH) 1447 (T.C. 2014) ....................................................................... 2

*Millares Guiraldes de Tineo v. United States*,
    137 F.3d 715 (2d Cir. 1998) ..................................................................................... 5

*Pflum v. United States*,
    1997 WL 606909 (10th Cir. Oct. 2, 1997) ................................................................ 7

*Ponsford v. United States*,
    771 F.2d 1305 (9th Cir. 1985) .................................................................................. 9

*Sherbondy v. United States,*
    2007 WL 2889447 (D. Colo. Sept. 27, 2007) ......................................................... 13

*Smith v. United States*, Number
    2013 WL 5255924 (D.R.I. June 24, 2013) ................................................................13

*Stratton v. United States*,
    34 F. Supp. 2d 1096 (N.D. Ind. 1998) ........................................................................8

*Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp.*,
    109 F.3d 105 (2d Cir.1997)........................................................................................2

*United States v. Mitchell*,
    445 U.S. 535 (1980)....................................................................................................4

*United States v. Vazquez*,
    145 F.3d 74 (2d Cir. 1998).........................................................................................2

*Viewtech, Inc. v. United States*,
    653 F.3d 1102 (9th Cir. 2011) ............................................................................ passim

*Williams v. United States*,
    947 F.2d 37 (2d Cir. 1991).........................................................................................5

## STATUTES

26 U.S.C. § 6331................................................................................................................10, 11

26 U.S.C. § 6707..................................................................................................................2, 3

26 U.S.C. § 7602.......................................................................................................................3

26 U.S.C. § 7609............................................................................................................. passim

Treas. Reg. § 301.6320-1(g)(2).............................................................................................10

Respondent the United States of America (the "Government"), by its attorney Preet Bharara, United States Attorney for the Southern District of New York, respectfully submits this memorandum of law in support of its motion to dismiss Petitioner James Haber's First Amended Petition to quash an Internal Revenue Service ("IRS") summons for lack of subject matter jurisdiction, pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure.

## PRELIMINARY STATEMENT

The Summons at issue in this litigation was issued by the IRS in aid of collection of an approximately $25 million penalty assessed by the IRS against the Petitioner in connection with his promotion of tax shelters. The IRS sought information from Signature Bank regarding accounts held by Petitioner's wife because it had reason to believe that Petitioner was using his wife's bank account to shield his assets from IRS collection activities. Under these circumstances, the Internal Revenue Code permits the IRS to seek information in aid of collection without providing notice to either Petitioner or his wife. Moreover, the law is clear that the United States has only waived its sovereign immunity to challenges brought by persons who were entitled to notice of a summons. Because Petitioner was not entitled to such notice, his petition should be dismissed for lack of subject matter jurisdiction. In addition, to the extent Petitioner challenges the summons because notice was not provided to his wife, he not only lacks standing to assert his wife's rights, but his wife also was not entitled to notice. Accordingly, the Court would likewise lack subject matter jurisdiction over a petition to quash by Petitioner's wife.

## BACKGROUND

Petitioner "James Haber is a tax professional who has promoted tax shelters to third parties through a company called the Diversified Group, Inc. (DGI)." *Humboldt Shelby Holding*

*Corp. v. C.I.R.*, 107 T.C.M. (CCH) 1242 (T.C. 2014); *see also Fid. Int'l Currency Advisor A Fund, LLC, by Tax Matters Partner v. United States*, 747 F. Supp. 2d 49, 224 (D. Mass. 2010), *aff'd,* 661 F.3d 667 (1st Cir. 2011).  He is the founder of DGI, where he was sole owner, director, president and CEO.  *See Markell Co. v. C.I.R.,* 107 T.C.M. (CCH) 1447, 1 (T.C. 2014).  In the words of the Tax Court, "Haber is an exceptionally smart man, and exceptionally gifted in designing complex transactions."  *Id.*  Some of these tax shelter schemes are the subject of the approximately $25 million tax penalty that the IRS is trying to collect through the summons at issue in this litigation.  *See* Declaration of Linda Y. Thomas dated December 19, 2014 ("Thomas Decl.") ¶ 3.[1]

Due to Petitioner and DGI's failure to register certain transactions as "tax shelters" in the proper manner, the IRS assessed a penalty against Petitioner and DGI under 26 U.S.C. § 6707, which currently is approximately $25 million.  *See* Thomas Decl. ¶ 3; *see also* ECF No. 23 ("Am. Petition") ¶ 10; ECF No. 24 ("Joint Pre-Conference Statement") Uncontested Facts ¶ 6-10.  Petitioner and DGI paid only a very small fraction of the assessed penalty—Petitioner paid $18,370 and DGI paid $15,500.  *See* Joint Pre-Conference Statement, Uncontested Facts ¶ 8.

IRS Revenue Officer Linda Y. Thomas (the "Revenue Officer") has been conducting an investigation in support of collection of the unpaid portion of the penalty, which is currently approximately $25 million.  *See* Thomas Decl. ¶ 3.  In furtherance of this investigation, and in

---

[1] When determining a motion to dismiss for lack of subject matter jurisdiction, the Court is permitted to look beyond the petition and consider evidence outside the pleadings.  *See United States v. Vazquez*, 145 F.3d 74, 80 (2d Cir. 1998); *Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp.*, 109 F.3d 105, 108 (2d Cir.1997).

accordance with 26 U.S.C. §§ 7602 and 7603, on September 26, 2014, the Revenue Officer served an IRS administrative summons on Signature Bank seeking information regarding bank accounts held in the name of Petitioner's wife, Jill Haber. *See id.* ¶¶ 3, 5, 7; *see also* Am. Petition ¶¶ 4-5, 15-16.[2]  Prior to issuance of the Summons, the materials sought were not in the possession of the IRS.  *See* Thomas Decl. ¶ 8.

As indicated in her enclosed Declaration, the Revenue Officer sought information related to Mrs. Haber's accounts because the Revenue Officer's investigation had suggested that Petitioner may have had access to, and made use of, a bank account or bank accounts held in his wife's name at Signature Bank.  *See* Thomas Decl. ¶ 6.  Moreover, the investigation suggested that assets in those accounts were being held in Mrs. Haber's name to shield them from the IRS. *Id.*  The information and documents gained from the Summons may assist the IRS in locating assets that are being held by Mrs. Haber as the nominee, alter ego and/or transferee of Petitioner. *See id.* ¶ 7.  The IRS may use these assets to satisfy the 26 U.S.C. § 6707 liability owed by Petitioner. *See id.*

On October 17, 2014, Petitioner filed a Petition in this Court to quash the Summons, arguing that notice had not been provided to him and his wife.  *See* ECF No. 1 ("Petition").  In accordance with the Court's Individual Practices, prior to filing a motion to dismiss, the United

---

[2] The Amended Petition incorrectly states that the summons was served on Signature Bank on October 1, 2014.  It was in fact served on September 26, 2014, as evidenced by the mailing receipt and proof of delivery attached as Exhibit A to the Thomas Declaration.  *See* Thomas Decl. ¶ 5 and Ex. A.

States explained to Petitioner's counsel that the Court lacked jurisdiction over the Petition because Petitioner was not entitled to notice of the Summons and Petitioner lacked standing to challenge the lack of notice to his wife, who was likewise not entitled to notice.  Petitioner then filed a First Amended Petition to Quash on December 23, 2014, *see* ECF No. 23, in which he attempted to argue that the Summons was not issued in aid of collection of the $25 million tax penalty assessed against him by the IRS and that he had no ownership interest in his wife's bank accounts that were the subject of the Summons.  None of these arguments cure the jurisdictional defects of his Petition.

## LEGAL STANDARDS

Under the doctrine of sovereign immunity, the United States "is immune from suit save as it consents to be sued, and the terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit." *United States v. Mitchell*, 445 U.S. 535, 538 (1980) (internal quotation marks and alteration omitted).  Only Congress may waive the United States' sovereign immunity, and it may only do so through unequivocal statutory language, which may also impose conditions on such a waiver.  *See Adeleke v. United States*, 355 F.3d 144, 150, 153 (2d Cir. 2004). Waivers of sovereign immunity and their conditions—whether substantive, procedural, or temporal—must be strictly applied against the claimant.  *See Millares Guiraldes de Tineo v. United States*, 137 F.3d 715, 719 (2d Cir. 1998).

A plaintiff bears the burden to demonstrate that sovereign immunity has been waived. *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000).  If the United States has not waived its sovereign immunity, or if the conditions under which the United States has agreed to

4

waive that immunity have not been met, federal subject matter jurisdiction does not exist and dismissal pursuant to Federal Rule of Civil Procedure 12(b)(1) is proper. *See Fed. Deposit Ins. Corp. v. Meyer*, 510 U.S. 471, 475 (1994); *Williams v. United States*, 947 F.2d 37, 39 (2d Cir. 1991).

Section 7609(b) of the Internal Revenue Code provides a limited waiver of sovereign immunity where the IRS has issued an administrative summons to a third-party record keeper. 26 U.S.C. § 7609(b). The statute provides that "any person who is entitled to notice of a summons under [§7609(a)] . . . ha[s] the right to begin a proceeding to quash such a summons not later than the 20th day after such notice is given. . . ." 26 U.S.C. § 7609(b)(2)(A). Generally, "[i]f any summons . . . requires . . . the production of any portion of records made or kept on or relating to . . . any person (other than the person summoned) who is identified in the summons, then notice of the summons shall be given to any person so identified. . . ." *See* 26 U.S.C. § 7609(a). However, in recognition of the fact "that giving taxpayers notice in certain circumstances would seriously impeded the IRS's ability to collect taxes," there are certain exceptions to the notice requirements. *Viewtech, Inc. v. United States*, 653 F.3d 1102, 1173 (9th Cir. 2011) (quoting *Ip v. United States*, 205 F.3d 1168, 1172 (9th Cir. 2000)). The statute expressly excludes from the notice requirement summonses "issued in aid of the collection of (i) an assessment made or judgment rendered against the person with respect to whose liability the summons is issued; or (ii) the liability at law or in equity of any transferee or fiduciary of any person referred to in clause (i)." 26 U.S.C. § 7609(c)(2)(D).

5

**ARGUMENT**

**I. The Court Lacks Jurisdiction Over the Petition to Quash Summons Because Petitioner Was Not Entitled to Notice of the Summons.**

Where, as here, the IRS was not required to provide notice of the summons to Petitioner, there has been no waiver of sovereign immunity and the Court lacks subject matter jurisdiction over the Petition. *See Barmes v. United States*, 199 F.3d 386, 388 (7th Cir. 1999) ("[I]f notice is not mandated, neither is a petition to quash authorized."). The Court's "inquiry is straightforward as to [Petitioner who]. . . is the assessed taxpayer, and therefore is disqualified from notice under § 7609(c)(2)(D)(i)." *Viewtech*, 653 F.3d at 1106. Thus, Petitioner, the collection of whose tax liability the IRS was investigating through the Summons, cannot bring a petition to quash. *See Knudsen v. United States,* No. 13-CV-2269 (SLT)(LB), 2014 WL 4273308, at *5 (E.D.N.Y. Aug. 27, 2014) (dismissing for lack of subject matter jurisdiction petition to quash summons issued in aid of collecting assessed taxes); *see also Davidson v. United States*, 149 F.3d 1190, 1998 WL 339541, at *1 (10th Cir. 1998) (unpublished) ("[I]f a summons is issued in aid of collection, no notice is required, and the district court does not have subject matter jurisdiction over a petition to quash the summons."); *Isaacs v. United States*, 13-cv-1394 (WHO), 2013 WL 4067597, at *1 (N.D. Cal. Aug. 11, 2013) ("[T]he assessed taxpayer . . . was not entitled to receive notice of the Summons . . . and, consequently, he does not have standing to petition to quash the Summons."); *Bank of Newport Summons v. IRS*, C.A. No. 08-64S, 2008 WL 4376865, at *2 (D.R.I. Sept. 25, 2008) (collecting cases).

The Summons at issue here was issued by the IRS to Signature Bank in connection with its collection of the $25 million tax penalty liability of the Petitioner. *See* Thomas Decl. ¶¶ 3-5.

Petitioner concedes that the unpaid amount of the penalty asserted against him is the subject of the Summons.  *See* Joint Pre-Conference Statement, Uncontested Facts ¶ 8; *see also* Petition ¶ 11.  But he now contends that the summons was not one issued in aid of collection of that penalty for a variety of reasons, none of which have merit.  *See* Amended Petition ¶ 8.

*First,* Petitioner incorrectly asserts that the in-aid-of-collection exception does not apply because the Summons is not on its face limited to collection.  *See* Am. Petition ¶ 8(a).   Section 7609(c)(2)(D) excludes certain summonses "issued in aid of collection" from the notice requirement.  26 U.S.C. § 7609(c)(2)(D).  Numerous courts have rejected attempts to read the word "solely" into the section 7609(c)(2)(D) exception.  *See Barmes*, 199 F.3d at 398 (holding that the notice exception of § 7609(c)(2)(D) applies "to every summons issued to aid in collection even if that is not [its] exclusive purpose"); *Pflum v. United States*, No. 97-3040, 1997 WL 606909, at *2 (10th Cir. Oct. 2, 1997) (unpublished) (rejecting argument that aid of collection does not apply because summons lists collection along with other purposes); *Holland v. United States*, 05-CV-135, 2005 WL 2176111, at *4-5 (N.D. Okla. Aug. 8, 2005) (same); *Stratton v. United States*, 34 F. Supp. 2d 1096, 1097 (N.D. Ind. 1998) (same).  Here, not only does the Summons list collection as a purpose on its face, but an IRS Revenue Officer has submitted a declaration indicating that that she issued the Summons to Signature Bank in connection with her investigation in aid of collection of the $25 million penalty assessed against Petitioner.  *See* Thomas Decl. ¶¶ 3-5.

*Second,* there is nothing improper about the IRS using the Summons to investigate whether Petitioner is using an account held in his wife's name to shield assets from the IRS's

7

collection activities. *See* Am. Petition ¶ 8(b). As the Ninth Circuit explained in *Viewtech*, "[t]he IRS's efforts to collect on a tax assessment frequently lead it to third parties (i.e., individuals or business other than the assessed taxpayer), on suspicion that the taxpayer may be trying to conceal assets in the accounts, holdings, or property of the third party." *Viewtech*, 653 F.3d at 1104. The fact that the IRS is seeking information regarding an account in Petitioner's wife's name, not in Petitioner's own name, does not mean that Petitioner (as assessed taxpayer) is entitled to notice. To the contrary, as discussed below, numerous courts have held that the in-aid-of-collection exception applies and no notice is required to either the assessed taxpayer or the spouse when the IRS seeks information regarding the accounts of the spouse of the assessed taxpayer. *See infra* pp. 12-13.

*Third,* Petitioner's assertion that the in-aid-of-collection exception does not apply because he has no legal interest in his wife's account is irrelevant and, furthermore, belied by the IRS's investigation. *See* Am. Petition ¶ 8(c). "The majority of cases have not limited the § 7609(c)(2)(D)(i) notice exception to situation in which the taxpayer has an interest in the records sought. Rather, the exemption has been interpreted broadly to mean that notice is not required if the summons is issued in aid of the collection of any person's tax liability." *Atlantic Ave. D.B. Financial/Legal Support Grp. v. United States*, NO. 08-81257-MC, 2009 WL 2810449, at * 2 (S.D. Fl. June 30, 2009). Moreover, the IRS's investigation suggests that Petitioner may have access to, and use of, a bank account or bank accounts held in his wife's name and that he is using these accounts to shield assets from the IRS. *See* Thomas Decl. ¶ 6.

The very fact that Petitioner (and not his wife) has moved to quash the summons directed to these accounts suggests that Petitioner has an interest in the assets in those accounts.[3]

*Finally*, Petitioner's contention that the IRS is prohibited from collecting the $25 million unpaid penalty because of other pending tax proceedings, *see* Am. Petition ¶ 8(d), is beside the point.  Neither of the two tax proceedings that Petitioner cites—(i) the collection due process ("CDP") proceeding that is pending on the $24.9 million tax lien issued by the IRS in May 2014, or (ii) the "refund lawsuit" regarding the $33,870 of the penalty that DGI and Petitioner paid—bars the IRS's investigation in aid of collection of the approximately $25 million unpaid tax penalty.  First, the pendency of a CDP proceeding on a tax lien does not bar the IRS from taking all collection actions on the underlying liability.  *See* Treas. Reg. § 301.6320-1(g)(2), Q&A-G3 (listing collection actions that IRS can take during pendency of CDP proceeding on lien).[4]

---

[3] If the Court were to credit Petitioner's assertion that he has no legal interest in his wife's account, Am. Petition ¶ 8(c), which the IRS disputes, *see* Thomas Decl. ¶ 6, then that would be yet another reason why Petitioner would lack standing to quash the Summons.  *Cf. Ponsford v. United States*, 771 F.2d 1305, 1308-09 (9th Cir. 1985) ("Where the taxpayer has no proprietary interest in the records sought, he lacks standing to quash the summons.").  By its plain language, the notice requirements of § 7609(a) only apply if the records sought are "made or kept on or relating to . . . any person . . . who is identified in the summons."  26 U.S.C. § 7609(a).  If the records sought do not relate to Petitioner (as he attempts to argue), then there would be no reason to provide Petitioner notice—even without analyzing whether the in-aid-of-collection exception applies.

[4] In response to the question of "[w]hat, if any, enforcement action can the IRS take during the suspension period," the regulation explains:

> Section 6330(e) also provides that levy actions that are the subject of the requested CDP hearing under that section shall be suspended during the same period.  Levy actions, however, are not the subject of a CDP hearing under section 6320.  The IRS may levy for tax period and taxes covered by the CDP Notice under section 6320 . . . if the CDP requirements under section 6330 for

9

Second, the "refund lawsuit" for the payment of the small fraction of the penalty that DGI and Petitioner did pay ($33,870) cannot act as a bar on all collection activities on the remaining unpaid penalty (approximately $25 million). As an initial matter, the IRS is not trying to collect the small portion of the penalty that Petitioner paid and is now trying to have refunded. Moreover, 26 U.S.C. § 6331(i)(4), the provision on which Petitioner relies in support of his argument, does not apply to the circumstances at issue here; it applies only to the IRS's ability to levy on the taxpayers property or bring a collection proceeding in court during the pendency of a refund proceeding on a divisible tax—neither of which has the IRS done or is attempting to do.[5] Finally, even if the IRS were barred from actually collecting the liability during the pendency of these tax proceedings, which the IRS disputes, it would not be barred from continuing its investigation into locating Petitioner's assets that could be used to satisfy the assessed penalty. The bottom line is that Petitioner cannot circumvent the clear statutory language in section 7609(c)(2)(D), and his arguments concerning other tax proceeding do not help his cause.

---

> those taxes and periods have been satisfied[,] . . . may file a [notice of federal tax lien ("NFTL")] for the same tax and tax period stated on the CDP Notice at another recording office, and may take other non-levy collection actions such as initiating judicial proceedings to collect the tax shown on the CDP Notice or offsetting overpayments from other periods, or of other taxes, against the tax shown on the CDP Notice. . . .

Treas. Reg. § 301.6320-1(g)(2), Q&A-G3.

[5] Furthermore, the IRS does not concede that the $25 million penalty is a "divisible tax" within the meaning of 26 U.S.C. § 6331(i); this however is not an issue that needs to be decided by this Court.

10

Thus, Petitioner was not entitled to receive notice of the IRS summons and cannot bring suit under 26 U.S.C. § 7609(b). Accordingly, his petition should be dismissed for lack of subject matter jurisdiction.

## II. Petitioner Lacks Standing to Challenge the Summons on Behalf of His Wife.

To the extent Petitioner challenges the IRS's failure to provide notice to his wife he lacks Article III standing to bring such a claim. "To have standing, a litigant must seek relief for an injury that affects him in a 'personal and individual way[,]'" *Hollingsworth v. Perry*, 133 S.Ct. 2652, 2662 (2013) (quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 n.1 (1992)), and "possess a 'direct stake in the outcome' of the case." *Id.* (quoting *Arizonans for Official English v. Arizona*, 520 U.S. 43, 64 (1997)). Generally, a husband does not have standing to bring a cause of action based on an alleged injury to his wife, rather than himself. *See, e.g., Casino v. Feilding*, No. 13-CV-5095 (SJF) (GRB), 2013 WL 5970694, at *3-4 (E.D.N.Y. Nov. 8, 2013) (wife lacks standing to claim for violation of husband's rights); *Juncewicz v. Patton*, No. 01-CV-0519E(SR), 2002 WL 31654957, at *2 (W.D.N.Y. Oct. 8, 2002) (husband lacked standing to assert a § 1983 claim for the violation of his wife's rights). Since Petitioner lacks standing, the court has no subject matter jurisdiction over his claim. *See Jackson v. Sec. of U.S. Treasury*, 141 F. App'x 8, 10 (2d Cir. 2005).

## III. The Court Would Also Lack Jurisdiction Over a Claim Brought By Petitioner's Wife Because The Summons Was Issued In Aid of Collection of Petitioner's Tax Liability.

Even if the Court were to conclude that Petitioner had standing to raise the IRS's failure to provide notice to his wife as the basis for his petition to quash a summons directed to an

11

account in her name, the Court nevertheless lacks jurisdiction because Petitioner's wife was likewise not entitled to notice of the Summons since it was a summons exempted from notice under section 7609(c)(2)(D). "In connection with an investigation of an assessed taxpayer, the IRS may summons any person the IRS deems appropriate." *Viewtech*, 653 F.3d at 1104. When the IRS issues a summons regarding the account of the spouse of an assessed taxpayer in connection with collection with an assessed taxpayer's liability, neither the account holder nor the assessed taxpayer are entitled to notice. And neither can bring a petition to quash the IRS summons. *See Davidson,* 1998 WL 339541 (dismissing wife's petition to quash summons directed to her account for lack of subject matter jurisdiction because she was not entitled to notice of third-party summons issued in aid of collection of assessment of tax liability of her husband); *Ginsburg v. United States*, 02 Civ. 176 (WWE), 2002 WL 31367262 (D. Conn. Sept. 25, 2002) (same) (citing *Barmes* and *Davidson*).[6] As the district court explained in *Ginsburg*, "the identity of the taxpayer seeking to quash a summons is immaterial once it is decided that the

---

[6] *See also Barmes,* 199 F.3d at 390 (holding that in-aid-of-collection exception applies to the notice requirement where the subject of the third-party summons was a general partnership for whose debts taxpayers were both jointly and severally liable); *Smith v. United States*, No. MC 13-42 S, 2013 WL 5255924, at *2 (D.R.I. June 24, 2013), *report and recommendation adopted*, No. MC 13-42 S, 2013 WL 4045948 (D.R.I. Aug. 8, 2013) (holding that ex-wife who had substantial personal and financial relationship with taxpayer was "not entitled to notice of this summons issued in aid of a collection action, the doctrine of sovereign immunity applies and the Petition must be dismissed"); *Sherbondy v. United States*, No. CIV.A. 07-CV-01426-JLK-MEH, 2007 WL 2889447, at *1 (D. Colo. Sept. 27, 2007) ("Because the summons was issued in aid of collection activities for taxes already deemed to be owed, neither [assessed taxpayer] nor his wife was entitled to notice of the summons under 26 U.S.C. § 7602(c)(2)(D) and [wife] lacks standing to challenge it."); *Jordan v. United States*, Civ. A. 96-M-7-H, 1997 WL 148560, at * 2 (W.D. Va. Mar. 20, 1997) (petitioner who owes no taxes to IRS, "like her husband [who was the assessed taxpayer], was not entitled to receive notice of the summons and lacks standing to protest the summons").

summons qualifies as a collection summons under § 7609(c)(2)(B)(I); even if the taxpayer owes no tax to the IRS and the records sought from a third party relate to her, she is nonetheless powerless to challenge the summons."[7] *Ginsburg*, 2002 WL 31367262 at *2 (quoting *Jordan*, 1997 WL 148560 at *2).[8]

Here, not only was this a summons that falls within the exception of section 7609(c)(2)(D), there was also a legal relationship between the account holder and Petitioner as husband and wife, *see* Am. Petition ¶ 16, and the IRS has reason to believe Petitioner has access to and makes use of his wife's accounts and that assets may be held in her name to shield them from the IRS. *See* Thomas Decl. ¶ 6. Even courts that construe the 7609(c)(2)(D) notice exceptions narrowly recognized that, due to the concern that providing notice may "impede the IRS's ability to collect taxes," notice to an account holder who is not the assessed taxpayer is not required if "there was a close relationship and overlap of interests between the third party and the taxpayer" or "the assessed taxpayer had 'some legal interest or title in the object of the summons.'" *Viewtech*, 653 F.3d at 1105 (quoting *Ip*, 205 F.3d at 1172). Moreover, Petitioner's interest in his wife's account is only reaffirmed by the fact that he is attempting to bring a petition to quash a Summons issued to what he claims is *her* account.

---

[7] The quoted language references section 7609(c)(2)(B) which was the citation for the in-aid-of-collection exception in the version of the statute that was in effect when *Jordan* was decided. *See* 26 U.S.C. 7609(c)(2)(B) (effective July 30, 1996 to July 21, 1998).

[8] All of these cases found that there was no subject matter jurisdiction even though it was the wife herself, against whom there was no assessed tax liability, who sought to challenge the petition directed to her account. In the case at bar, it is not the account holder but the very individual who is the subject of the assessed tax penalty—who clearly is not entitled to notice—who is challenging the IRS summons.

13

## CONCLUSION

For the foregoing reasons, the United States respectfully requests that the Court dismiss the Amended Petition for lack of subject matter jurisdiction.

Dated: New York, New York
January 14, 2015

Respectfully submitted,

PREET BHARARA
United States Attorney for the
Southern District of New York
*Attorney for Respondent*
*United States of America*

By:  /s/ Dominika Tarczynska
DOMINIKA TARCZYNSKA
Assistant United States Attorney
86 Chambers Street
New York, New York 10007
Tel. No.: (212) 637-2748
Fax No.: (212) 637-2686
dominika.tarczynska@usdoj.gov