UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x

JAMES HABER,

        Petitioner,

  -v-                                          No.  14CV08325-LTS-KNF

UNITED STATES OF AMERICA and
SIGNATURE BANK,

        Respondents.

-------------------------------------------------------x

## MEMORANDUM OPINION AND ORDER

In this action, petitioner James Haber ("Petitioner" or "Haber") seeks an order quashing an Internal Revenue Service ("IRS") administrative summons issued to Signature Bank.  The case is now before the Court upon the motions of respondent United States ("Respondent" or the "Government"), one, to dismiss the Petition for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1) and, two, for a protective order barring jurisdictional discovery.  Signature Bank has not appeared in this matter.

The Court heard oral argument regarding the motions on June 16, 2015, and has carefully considered the parties' written submissions and arguments.  For the following reasons, the Government's motions are granted.

## BACKGROUND

The IRS has assessed a $25 million tax penalty against Petitioner and his company, Diversified Group, Inc., in connection with the alleged failure to register certain transactions as "tax shelters."  (Joint Pre-Conf. Stmt. ¶¶ 6-7, Docket Entry No. 24.)  Petitioner

and his company collectively paid less than $35,000 of the penalty and have commenced separate proceedings seeking a refund.  (Id. ¶¶ 8, 10.)  The IRS has filed lien notices against Petitioner for the remaining unpaid portion of the penalty; Petitioner has filed a request for a Collection Due Process hearing.  (Id. ¶ 9.)

On September 26, 2014, IRS Revenue Officer Linda Thomas (a registered pseudonym) served a summons (the "Summons") on Signature Bank.  (Id. ¶ 5.)  The Summons was captioned "[i]n the matter of [Petitioner] James Haber" and requested documents relating to the bank accounts of Jill Haber, Petitioner's wife ("Mrs. Haber").  (Summons, Am. Pet., Ex. A., Docket Entry No. 22-1.)  No penalties have been assessed against Mrs. Haber.  (Joint Pre-Conf. Stmt. ¶ 12.)  The Summons calls for the production of testimony and "data relating to the tax liability or the collection of the tax liability for the purpose of inquiring into any offense connected with the administration or enforcement of the internal revenue laws concerning" Petitioner.  (Summons, Am. Pet., Ex. A.)

Petitioner commenced the instant proceeding on October 17, 2014, asserting, inter alia, that the Summons should be quashed because the IRS failed to give notice of the Summons when it was issued.  Petitioner subsequently filed an Amended Petition.  Petitioner also argues that Respondent was not authorized to conduct an investigation in aid of collection of the assessed penalty because a criminal referral remained outstanding.  Respondent moved pursuant to Federal Rule of Civil Procedure 12(b)(1) to dismiss the Petition, arguing, inter alia, that the Court lacks subject matter jurisdiction of the action in that neither Petitioner nor Mrs. Haber was entitled to notice of the Summons, and proceedings to quash such a summons are not statutorily authorized where the party to whom the summons was directed is not entitled to prior notice.  In support of its contention that the Summons was issued in aid of collection of the penalty

previously assessed against Petitioner and thus excepted from any notice requirement, Respondent served with its motion papers the declaration of Revenue Officer Thomas, who asserted that the "sole purpose" of her investigation was "to locate assets to satisfy Petitioner's existing assessed federal tax liability, and not to determine additional federal tax liabilities of Petitioner or any other person." (Thomas Decl. ¶ 4., Docket Entry No. 28.) Revenue Officer Thomas also stated that the information sought "may assist the IRS in locating assets that are held by Jill Haber, as the nominee or alter-ego or transferee of Petitioner. The IRS may use these assets to satisfy the . . . liability of Petitioner." (Id. ¶ 7.)

Petitioner then served document requests on the United States regarding the purpose of the Summons, and noticed the deposition of Revenue Officer Thomas. Respondent moved for a protective order, arguing that Petitioner is not entitled to jurisdictional discovery concerning the nature of Revenue Officer Thomas' investigation or the purpose of the Summons. In a supplemental declaration filed in support of the protective order motion, Revenue Officer Thomas represents that the IRS' criminal investigation of Mr. Haber, and proceedings commenced by the Department of Justice in connection therewith, are closed, and proffers correspondence to that effect from the Tax Division of the Department of Justice. (Thomas Supp. Decl., Docket Entry No. 39.)

DISCUSSION

Motion To Dismiss Petition For Lack Of Subject Matter Jurisdiction

A plaintiff has the burden of proving, by a preponderance of the evidence, that the court has subject matter jurisdiction of his suit. Makarova v. United States, 201 F.3d 110, 113 (2d Cir. 2000). In deciding a Federal Rule of Civil Procedure 12(b)(1) motion to dismiss for

lack of subject matter jurisdiction, a court may consider evidence outside the pleadings. Kamen v. Am. Tel. & Tel. Co., 791 F.2d 1006, 1011 (2d Cir. 1986).

The United States is immune from legal action unless Congress unequivocally waives immunity. United States v. Mitchell, 445 U.S. 535, 538 (1980). Courts lack jurisdiction over suits against the United States with respect to matters for which the United States has not waived its immunity. Wyler v. United States, 725 F.2d 156, 159 (2d Cir. 1983). The question thus before this Court is whether Petitioner's suit falls within a waiver of the United States' immunity.

In its pursuit of tax collection, the IRS has "broad latitude" to summon persons and information. United States v. Clarke, 134 S. Ct. 2361, 2365 (2014). The IRS' collection efforts often lead it to issue summonses calling for information from third parties (i.e., entities other than the assessed taxpayer). In such instances, the IRS generally must give notice to any individual "identified in the [third-party] summons." 26 U.S.C.S. § 7609(a) (LexisNexis 2014). Those entitled to notice can bring suit against the United States to quash the summons. Id. § 7609(b)(2)(A). This right to notice and concomitant waiver of sovereign immunity are, however, limited. Notice is not required where a summons is "issued in aid of the collection of . . . (i) an assessment made or judgment rendered against the person with respect to whose liability the summons is issued . . . or (ii) the liability at law or in equity of any transferee . . . of any person referred to in clause (i)." Id. § 7609(c)(2)(D). This exception reflects a concern that a delinquent taxpayer might withdraw funds before the summons can be enforced. Barmes v. United States, 199 F.3d 386, 389 (7th Cir. 1999).

The Summons at issue here states that it pertains to the "matter of [Petitioner] James Haber." IRS Officer Thomas has indicated in her declaration that the purpose of the

Summons is to investigate accounts that Petitioner may have maintained in his wife's name in order to shield them from the IRS. Therefore, the Summons served on Signature Bank appears to have been "issued in aid of the collection" of Petitioner's tax penalty. Notice to Petitioner of a summons issued in aid of collection is not required, and the United States has not waived its immunity to permit actions to quash such summonses. Therefore, the Government argues, the Court lacks jurisdiction over Petitioner's claim.

Petitioner raises three principal arguments in support of his contention that the Court has subject matter jurisdiction of his challenge to the Summons. Petitioner first suggests that, even if a summons is issued in aid of collection, this Court nonetheless has jurisdiction to quash that summons if it is invalid. According to Petitioner, the Summons issued to Signature Bank is invalid because the IRS has recommended that the United States Attorney General undertake a grand jury investigation of Petitioner, and the Government has not documented the termination of the ensuing criminal investigation in precisely the manner contemplated by the statute. See 26 U.S.C.S. § 7602(d)(1) ("No summons may be issued . . . with respect to any person if a Justice Department referral is in effect with respect to such person.") (LexisNexis 2014).

It is well established that the United States waives its immunity only through "a clear statement." United States v. White Mountain Apache Tribe, 537 U.S. 465, 472 (2003). Petitioner's assertion that the Court should infer that it has jurisdiction to assess the validity of the Summons because "Congress could not have intended" to allow "challenges only to authorized summonses" turns the principle of sovereign immunity on its head. (See Pet. Opp. Br. at 11-12, Docket Entry No. 45.) Internal Revenue Code section 7609(c)(2), 26 U.S.C.S. § 7609(c)(2), plainly preserves the Government's immunity from suits to quash summonses

issued in aid of collection. It provides no exception for contentions of ultra vires IRS action, and the Court declines Petitioner's invitation to infer one. Nor is Petitioner's invocation of section 706(2)(C) of the Administrative Procedure Act ("APA"), 5 U.S.C.S. § 706(2)(C) (LexisNexis 2014), availing. The APA does not "confer[] authority [to courts] to grant relief if any other statute that grants consent to suit expressly or impliedly forbids the relief sought." 5 U.S.C.S. § 702(2); see also Taylor v. United States, 292 F. App'x 383, 388 (5th Cir. 2008) ("[A] petitioner cannot bring an action against the United States under the APA if another statute prohibits his claim."). Here, the in "aid of collection" provision of the Internal Revenue Code precludes resort to the APA.

Second, Petitioner argues that the Summons cannot be considered issued in aid of collection because the IRS cannot currently collect the assessment. The statute exempts from notice summonses issued in aid of the collection of "an assessment made or judgment rendered." 26 U.S.C.S. § 7609(c)(2)(D)(i). Consistent with the "broad latitude" afforded the IRS in its collection efforts, Clarke, 134 S. Ct. at 2365, the statutory language is devoid of any requirement of temporal proximity to the actual collection. There is no dispute that an assessment against Petitioner has been made and is outstanding. The Summons is an effort to locate assets that could satisfy that assessment. The Summons is thus in aid of collection, and the exception to notice is triggered.

Third, Petitioner presents a number of assertions that focus on the scope of the Summons. Petitioner claims that the Summons is not in aid of collection of the assessment against him because it seeks his wife's bank records, in which he claims to have no interest. Even if it is true that Petitioner has no interest in his wife's accounts, that fact is irrelevant: "the assessed taxpayer . . . is disqualified from notice [of a third-party summons] under

§ 7609(c)(2)(D)(i)." Viewtech, Inc. v. United States, 653 F.3d 1102, 1106 (9th Cir. 2011); see also, e.g., Trowbridge v. I.R.S., No. 4:13-CV-1850, 2013 WL 6002205, at *2-3 (S.D. Tex. Nov. 12, 2013) (dismissing for lack of subject matter jurisdiction assessed taxpayer's petition to quash). The potential that the Summons was issued for another purpose in addition to collection of the assessed liability does not vitiate the notice exemption provision, either: "as long as the third-party summons is issued to aid in the collection of any assessed tax liability the notice exception applies." Barmes v. U.S., 199 F.3d 386, 390 (7th Cir. 1999). Boilerplate references in the summons form to activity in addition to collection do not take a summons out of the notice exemption provision. See, e.g., id. at 388-89 (denying motion to quash summons containing language at issue here on basis of aid-of-collection notice exception); Pflum v. United States, No. 97-3040, 1997 WL 606909, at *2 (10th Cir. Oct. 2, 1997) (same).

Even if Petitioner could demonstrate that his wife was entitled to notice of the Summons, his action here would still fail for lack of subject matter jurisdiction, because the statutory waiver of sovereign immunity for authorized applications to quash runs to the person entitled to notice, not to the assessed taxpayer. See 26 U.S.C.S. § 7609(b)(2)(A) ("any person who is entitled to notice . . . shall have the right to begin a proceeding to quash").

Nor does Petitioner's unsubstantiated contention that the IRS is secretly investigating Jill Haber's independent liability have merit. Petitioner provides no reason to discredit Revenue Officer Thomas' sworn statement that "[t]he sole purpose of my investigation is to locate assets to satisfy Petitioner's existing assessed federal tax liability." Moreover, "it is the tax that is assessed, not the taxpayer," United States v. Galletti, 541 U.S. 114, 123 (2004), meaning that "[p]roperty of the nominee or alter ego of a taxpayer is subject to the collection of the taxpayer's tax liability," LiButti v. United States, 107 F.3d 110, 120 (2d Cir. 1997) (internal

quotation marks omitted); see also United States v. Holmes, 727 F.3d 1230, 1235 (10th Cir. 2013) (IRS need not separately assess liability of a transferee of delinquent taxpayer in order to collect). Reflecting this principle, summonses investigating whether a taxpayer transferred assets to his wife to avoid his tax liability are considered issued in aid of collection.  E.g., Davidson v. United States, 149 F.3d 1190, 1998 WL 339541, at *2 (10th Cir. 1998); Ginsburg v. United States, No. 3:02CV176 (WWE), 2002 WL 31367262, at *2 (D. Conn. Sept. 25, 2002).  The purpose of the Summons here is to aid the collection of Petitioner's tax assessment by investigating assets held by Petitioner's wife.  The Court lacks subject matter jurisdiction of Petitioner's application to quash the Summons.

Motion For A Protective Order

       Hoping to defeat the Government's prima facie showing of immunity under 26 U.S.C.S. § 7609(c)(2)(D), Petitioner seeks discovery regarding the purpose of the Summons.  The Government has moved for a protective order barring that discovery.

       To obtain jurisdictional discovery, a petitioner must show that the discovery is "likely to produce facts needed to withstand a Rule 12(b)(1) motion."  Molchatsky v. United States, 778 F. Supp. 2d 421, 438 (S.D.N.Y. 2011) (citing Freeman v. United States, 556 F.3d 326, 342 (5th Cir. 2009)), aff'd, 713 F.3d 159 (2d Cir. 2013); see also Mills 2011 LLC v. Synovus Bank, 921 F. Supp. 2d 219, 228 (S.D.N.Y. 2013) (jurisdictional discovery appropriate where there has been a "threshold showing" of "facts that would support a colorable claim of jurisdiction").  This rule is "particularly apt" where a petitioner is attempting to defeat asserted immunity because immunity is intended to "shield" the defendant from, among other things, the burdens of discovery.  Molchatsky, 778 F. Supp. 2d at 438.

In <u>Alpha Tech USA, LLC v. United States</u>, No. 4:14-CV-304, 2015 WL 137303, at *3 (E.D. Tex. Jan. 7, 2015), the petitioners—in an attempt to avoid the aid-of-collection notice exception—requested jurisdictional discovery.  The court denied the request because deposing the IRS officer was not "likely" to produce relevant facts, noting that the officer had already submitted an affidavit regarding the investigation.  <u>Id.</u>  Petitioner here has similarly set forth no facts supporting a colorable claim that the Summons was issued for a purpose other than to aid in collecting his tax assessment.[1]  Petitioner's arguments in favor of discovery are identical to his arguments opposing the Government's 12(b)(1) motion, and they fail for the reasons discussed above.

## CONCLUSION

For the foregoing reasons, the Government's motions to dismiss for lack of subject matter jurisdiction and for a protective order are granted.

The Clerk of the Court is directed to enter judgment dismissing the Petition and close the case.

---

[1] Indeed, even where the Government affirmatively invokes the court's authority to enforce an administrative summons and the Court clearly has subject matter jurisdiction to consider the propriety of the issuance of the summons, the person resisting enforcement must do more than make "[n]aked allegations of an improper purpose" to gain entitlement to discovery regarding the IRS investigation.  <u>Clarke</u>, 134 S. Ct. at 2367.  Before an IRS agent may be examined with regard to the validity of the summons, the taxpayer must "make a showing of facts that give rise to a plausible inference of improper motive."  <u>Id.</u> at 2368.  Absent contrary evidence, the Government can demonstrate its good faith issuance of a summons "by submitting a simple affidavit from the investigating agent."  <u>Id.</u> at 2367.  Here, the Government has proffered declarations of Revenue Officer Thomas attesting to the collection-oriented purpose of the Summons.  Petitioner's bald assertions that Thomas is not to be believed because the Summons contains additional boilerplate language and his citations of authority that refer to the "personal liability" of transferees and alter-egos do not constitute facts and circumstances plausibly calling the Government's assertions into doubt.

SO ORDERED.

Dated: New York, New York
June 18, 2015

      /s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
United States District Judge